UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL BOYD, #338509**

 Petitioner,

            Civil No: 06-CV-12022
            Honorable Nancy G. Edmunds

v.

**SHERRY BURT**,

 Respondent.
_____

**OPINION & ORDER DISMISSING HABEAS
PETITION WITH PREJUDICE**

**I. Introduction**

  This habeas matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner was convicted of delivering under fifty grams of cocaine and was sentenced to a term of five to twenty years. Petitioner raises one claim for this Court's review which is whether the trial court erred when it failed to establish substantial and compelling reasons for departing from the Michigan statutory sentencing guidelines. Respondent has filed a "Motion to Dismiss" asserting that Petitioner's issue presented for habeas review is a state claim and that the constitutional aspect of it has not been exhausted, thus requiring the dismissal of the habeas petition without prejudice. This Court entered an Order requiring Petitioner to respond to Respondent's "Motion to Dismiss on June 6, 2007. To date, no responsive pleading has been filed. Respondent's "Motion to Dismiss" is presently before the Court for review. For the reasons set forth below, the Court grants Respondent's "Motion to Dismiss," but does so with prejudice.

**II. Discussion**

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law, or it may be summarily dismissed. See *Perez v. Hemingway,* 157 F.Supp.2d 790, 796 (E.D. Mich. 2001). A federal court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. See *McFarland v. Scott,* 512 U.S. 849, 856 (1994); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999).

Petitioner's sole claim is that his sentence violates the principle of proportionality established in *People v. Milbourne,* 435 Mich. 630; 461 N.W.2d 1 (1990). Petitioner also alleges that the trial court abused its discretion by making an upward departure from the minimum sentencing guidelines. Petitioner's claims under *Milbourne* and under the state sentencing guidelines raise only issues of state law, as there is no sentencing proportionality guarantee under the United States Constitution. *Harmelin v. Michigan,* 501 U.S. 957, 965 (1991); see also *United States v. Hopper,* 941 F.2d 419, 422 (6th cir. 1991). Questions of state sentencing law and the scoring of state sentencing guidelines are not cognizable on federal habeas review. *Miller v. Vasquez,* 868 F.2d 1116, 1118-19 (9th Cir.1989).

Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, and treaties of the United States. *Estelle v. McGuire,* 502 U.S. 62, 68 (1991). "[F]ederal habeas corpus relief does not lie for errors of State law" *Id.* at 67, quoting, *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). The state's computation of Petitioner's prison term involves a matter of state law that is not cognizable on federal habeas review. *Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir. 2000)(alleged violation of state law with respect to sentencing is not subject to federal habeas review); *Cheatham v. Hosey,* 12 F.3d 211 (6th Cir. 1993) (departure from sentencing guidelines is

an issue of state law not cognizable on federal habeas review. In addition, if the duration or severity of a sentence is within the limits set by statute, generally an alleged statutory sentence violation is not a ground for habeas relief. *Townsend v. Burke,* 334 U.S. 736, 741 (1948).

The minimum sentencing guideline in this case for possession with intent to deliver less than fifty grams of cocaine is zero to seventeen months. *(Sentencing Transcript, pp. 3-5, dated 4/21/05).* The statutory maximum sentence for this offense is twenty years imprisonment pursuant to MCL 333.7401(2)(a)(iv). The trial court sentenced Petitioner to five to twenty years, which exceeded the minimum sentencing guideline. It's basis for doing so is as follows:

> [T]he guidelines in the Court's opinion do not take into consideration that these offenses, this offense, was not an isolated incident, but that you were selling controlled substances regularly to support yourself during the period [ ] between July 1st 2004, when you were released from jail on the possession of cocaine sentence, to the completion – at that conclusion of the jail term. And then, till you were arrested here on the bench warrant. And it brings you back before the Court. That arrest date, as we've already talked about, was April 5, 2005.
>
> The guidelines, in the Court's opinion, also do not consider that you did not appear for your Pre-sentence Report interview or for sentencing, and that you had to be arrested on a bench warrant to get him into court. The guidelines also do not accurately reflect that between March 29, 1997 and December 8, 2004 your conviction and sentence on two felonies and sixteen misdemeanors offenses, that you refused, apparently, to be rehabilitated, and [your] continue[d] substance abuse violations. So I'm deviating over the guidelines. Zero to seventeen with this kind of record is simply completely inadequate.
>
> ∗∗∗
>
> You're committed to the Michigan Department of Corrections for the maximum set by statute of 20 years, the minimum set by the court over the guidelines but which the Court thinks is appropriate in this matter, is five years. So the sentence is five to twenty years with the Michigan Department of Corrections.

*Id.* at 12-13. The trial court clearly exercised its discretion under *Milbourne* in deviating upward from the sentencing guidelines; and since Petitioner's claim also fails to raise a federal constitutional

issue as explained above, habeas relief cannot be granted relative to Petitioner's sentencing claim.

## III. Conclusion

Petitioner has failed to present a federal constitutional claim, and therefore has not presented an issue which is cognizable under habeas review. Additionally, this Court gave Petitioner an opportunity to respond to Respondent's "Motion to Dismiss" by ordering a response to be filed by July 9, 2007. Petitioner has failed to comply with this Court's Order and has likewise failed to persuade this Court relative to the viability of his claim.

Accordingly,

IT IS HEREBY ORDERED that "Respondent's Motion for Summary Judgment" **[Doc. #6-1, filed February 15, 2007]** is **GRANTED.**

IT IS FURTHER ORDERED that Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. 2254" **[Doc. #1-1, filed May 2, 2006]** is **DENIED** and this matter is **DISMISSED WITH PREJUDICE.**

                                s/Nancy G. Edmunds
                                Nancy G. Edmunds
                                United States District Judge

Dated: September 5, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 5, 2007, by electronic and/or ordinary mail.

                                s/Carol A. Hemeyer
                                Case Manager